**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff—Appellant,**

v.

**COMMUNICATION TECHNICAL SYSTEMS, INC. (SOUTHWEST); Communication Technical Systems, Inc., Defendants—Appellees.**

No. 00–16111.

D.C. No. CV–98–01718–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided Dec. 7, 2001.

Before CANBY, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

The EEOC and Cynthia Trudeau (collectively "the EEOC") appeal the district court's grant of summary judgment in favor of Communication Technical Systems, Inc. and its subsidiary Communication Technical Systems, Inc. (Southwest) (collectively "CTS") on the EEOC's pregnancy discrimination claim against CTS. The district court held that the EEOC had not made out a prima facie case of discrimination and that, in any event, CTS had proffered a legitimate, nondiscriminatory reason for not hiring Trudeau. Because there are genuine issues of material fact, we reverse the summary judgment and remand for trial.

■ To survive a summary judgment motion, the EEOC needed to produce "very little evidence." *See Chuang v. Univ. of Calif. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir.2000). The EEOC was first required to make out a prima facie pregnancy discrimination case by showing that (1) Trudeau was pregnant, (2) she was qualified for the position, (3) she was subject to an adverse employment action, and (4) similarly situated non-pregnant individuals were treated more favorably. *See id.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

at 1123–24 (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). If the EEOC was able to make this prima facie showing, the burden of production shifted to CTS, the employer, to articulate a legitimate, non-discriminatory reason for the challenged action. *See id.* at 1124. If CTS was able to provide a reason, the burden shifted back to the EEOC to show that the reason given was pretextual. *See id.*

There are numerous factual disputes in this case. At summary judgment, the court was required to construe factual disputes in the light most favorable to the EEOC, the non-moving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). By resolving factual disputes in favor of CTS, and consequently granting summary judgment, the district court erred.

■ One of the facts in dispute is the number of Infinisys systems engineers who were offered positions with CTS. The EEOC submitted evidence that all the Infinisys systems engineers except Trudeau received job offers; CTS asserts that only some of the engineers received offers, but fails to state how many. The lack of clarity on this issue makes it difficult, if not impossible, to determine what was required for Trudeau to be "qualified" for employment with CTS and who the "similarly situated" employees were.

There are also questions of fact as to what skills CTS actually needed and what skills Trudeau had. Though CTS clearly needed engineers with UNIX skills, it also apparently needed some number of engineers with NT skills, as it hired at least one engineer with no UNIX skills and some NT skills. There is evidence in the record that Trudeau had NT skills, although CTS repeatedly asserted that she did not. Without resolving the conflict over what skills CTS needed and what

skills Trudeau had, it cannot be determined whether Trudeau was qualified for employment with CTS.

■ There are also genuine disputes about whether the reasons proffered by CTS for not hiring Trudeau were pretextual. The first reason given by CTS was that Trudeau did not have the necessary skills. The EEOC contends that Trudeau's supervisor at Infinisys, acting on behalf of CTS and with actual authority, told Trudeau that she was the only systems engineer not to be offered a job and that her skill sets were not the reason she did not receive an offer. Trudeau's supervisor denied making this statement. Nonetheless, he testified in his deposition that, while discussing hiring possibilities, CTS executives mentioned Trudeau's pregnancy and expressed concerns about it. As we have stated above, the confusion regarding the number of systems engineers offered positions gives rise to a dispute about what skills CTS actually required.

There is also evidence that creates a genuine dispute about CTS' second reason for not hiring Trudeau. CTS states that it relied on the recommendations of the Infinisys supervisors in making its hiring decisions. It is clear, however, that CTS did not uniformly rely on these recommendations, because the one engineer that a supervisor advised against hiring was hired by CTS.

■ The district court also found that no damages were available, even if the EEOC were able to prove pregnancy discrimination. Here, too, the court erred. Compensatory damages can be calculated, because it is known when Trudeau gave birth, and thus it is possible to estimate when she would have stopped working. Her salary, had she been hired, can be estimated by looking to the salaries of those Infinisys engineers hired by CTS.

Compensatory damages would be available if a jury were to find that CTS discriminated against Trudeau. We express no opinion as to the likelihood of the plaintiff's success on the merits, the amount of damages, or the appropriateness of other forms of relief requested and not addressed by the district court.

REVERSED AND REMANDED.

